[No. 5072.]
[No. 2638 C. A.]

GOODYKOONTZ V. IMES.

1. **Appellate Practice—Burden of Showing Error.**

   Where the record on appeal does not show that a motion to dismiss, for alleged failure to file a bond for costs within the time allowed, was supported by affidavit or other form of proof, an order denying the motion cannot be disturbed.—P. 344.

2. **Same—Record Not Showing Final Judgment—Dismissal.**

   When the record does not show that any final judgment was entered, the appeal will be dismissed.—P. 345.

*Appeal from the County Court of Montezuma County.*

*Hon. C. J. Scharnhorst, Judge.*

Action by John Imes against Jessie Goodykoontz. A motion to dismiss the action for failure to file a bond for costs was denied and defendant appeals.          *Appeal dismissed.*

Mr. S. W. CARPENTER, for appellant.

Mr. P. G. ELLIS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Upon the application of the defendant below, appellant here, the plaintiff, appellee here, was required by an order of the court, made on the 3d day of June, 1901, to file, by the incoming of court on the first day of the following September term, a bond or security for costs of the action to be approved by the clerk of the court. On the 30th day of August the statutory instrument was filed, though not approved at that time. On the 2d day of the following September, which was the first day of the September term of court, the surety justified, and the bond theretofore filed was approved by the clerk. After the bond was filed in August, but before it was approved on the 2d of September, as the defendant claims, she filed her motion of date September 2 to dismiss the action because the approved security or bond was not filed before the incoming of court on the first day of the September term, though it was previously filed in August and subsequently approved on September 2, but after court convened on that day. The court overruled the motion, and this ruling is the only error assigned by defendant upon this appeal.

1. The principal contention of appellant seems to be that the court erred in considering the first day of the term as if it was Sunday, and by then adjourning court to the following day. The 2d day of September, which was the first day of the September term, is, by a statute of this state, a legal holiday, called Labor Day, and the court, it is said, regarded Labor Day the same as the other holidays mentioned in section 416 of the code, upon which days ordinary judicial business is not transacted, and ruled that the

filing of the approved bond on September 2, nominally the first day of the term, though after the incoming of court on that day, was in time, because, in legal contemplation, the first day of the September term was the next, or 3d, day of that month, the second day being *dies non.*

Since the record is silent as to the ground upon which defendant's motion to dismiss was overruled, we cannot say that the court's action was predicated solely, or at all, upon the ground that the 3d day of September was, in legal contemplation, the first day of the September term, and that as the bond was filed and approved upon the 2d day of September, it was within the time prescribed in the order. The record does not show that the motion to dismiss was supported by affidavit or other form of proof. While the motion itself apparently states that the approved bond was not filed within the time required by the order, for aught that appears to the contrary, the action of the court in overruling it was proper because of an entire absence of proof that the order of the court was not complied with within the time specified. The rule is that prejudicial error must be shown by the one who alleges it, and since there was an absence of any proof of the facts upon which the motion was based, we cannot disturb the ruling of the court upon it. This bond may have been filed, and approved before the incoming of court upon the 2d day of September which, according to defendant, was the incoming, or first, day of the September term.

2. In addition to this the appellee, by supplemental transcript, has brought up an order of the trial court by which the alleged facts upon which the appellant relies for proof of the grounds set up in his motion of dismissal, as showing non-compliance with the order of June 3, are stricken from the bill of exceptions, and if we are privileged to consider

this order, appellant's case entirely falls. Appellant, however, makes the point that the abstract fails to show that this order of exclusion was signed by the presiding judge.

We do not say that the abstract is thus defective, or that such alleged failure constitutes a defect. But if so, an objection, of at least as much gravity, may be made to appellant's abstract. The latter does not show that any final·judgment was ever entered in the cause. If there was no final judgment, the appeal should be summarily dismissed, for it is only in connection with a review of a final judgment that an assignment of error to rulings made in the case preliminary thereto can be considered at all.

In the state of the record before us, we cannot do otherwise than dismiss the appeal, but the order will be made. without prejudice.

*Appeal dismissed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.